Joseph L. **MITCHELL**, d/b/a LaSalle
County Livestock Marketing
Center, Petitioner,

v.

Orville L. **FREEMAN**, Secretary of Agriculture, Respondent.

No. 13658.

United States Court of Appeals
Seventh Circuit.

Oct. 22, 1962.

John A. Berry, Streator, Ill., Thomas M. Anderson, Earlville, Ill., Berry & O'Conor, Streator, Ill., for petitioner.

Neil Brooks, Asst. Gen. Counsel, U. S. Department of Agriculture, Washington, D. C., Joseph D. Guilfoyle, Acting Asst.

Attorney Gen., Morton Hollander, Chief, Appellate Section, Civil Division, Department of Justice, Washington, D. C., Jerome S. Ducrest, Robert E. Duncan, Attorneys, Department of Agriculture, Washington, D. C., for respondent.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Petitioner seeks a review of the order of the Judicial Officer of the United States Department of Agriculture acting for the Secretary of Agriculture wherein the Judicial Officer ordered petitioner to cease and desist from "(1) falsely and incorrectly weighing livestock sold in commerce, (2) using a false or incorrect scale ticket or invoice as a basis of settlement for livestock sold in commerce, (3) collecting for livestock sold in commerce on the basis of false and incorrect weights, and (4) causing false and incorrect entries in his accounts, records, and memoranda subject to the act". Further, it was ordered by the Judicial Officer that the petitioner "shall keep accounts, records, and memoranda which correctly disclose the weighing of livestock in his business subject to the act". The Judicial Officer also suspended the petitioner as a registrant under the Act for a period of 90 days.

The petitioner, Joseph L. Mitchell, doing business as the LaSalle County Livestock Marketing Center, of LaSalle County, Illinois, is a posted stockyard for regulatory purposes under the Packers and Stockyards Act as amended. The stockyard is owned by Joseph L. Mitchell. Joseph L. Mitchell is also registered as a "market agency" under the Packers and Stockyards Act, to buy and sell livestock on a commission basis. He is also registered under the Act as a "dealer" to buy and sell livestock for his own account.

The complaint of the Director, Packers and Stockyards Division, Agricultural Marketing Service filed with the United States Department of Agriculture on December 22, 1960 alleged that petitioner sold cattle on three occasions at his stockyards in LaSalle County on Septem-

ber 28, 1960, October 12, 1960 and October 13, 1960, and in making said sales he weighed the cattle at more than their true and correct weights and issued scale tickets and invoices showing weights greater than the true and correct weights of said cattle, and charged and collected for the cattle on the basis of such false and incorrect weights. However, in this proceeding we are only concerned with the charges of October 12, 1960 and October 13, 1960, as the Judicial Officer dismissed the one of September 28, 1960.

On October 12, 1960 twenty head of cattle were weighed by petitioner and were then transported a short distance and within forty-two minutes were weighed on another scale. The second weighing showed that the cattle were 835 pounds lighter than by the first weighing. On October 13, 1960 twenty head of cattle were weighed by petitioner and forty minutes later reweighed by respondent. These cattle were found to be 780 pounds lighter than the first weighing. In both instances the petitioner on the first weighing stamped the weights on the stockyard weight tickets. There was testimony that before the second weighings the scales used in each instance had been properly tested and found accurate. It is not controverted that the reweighing of each lot of cattle was by an experienced and qualified specialist in the field of scales and weights.

The petitioner contends that the shortage in weights was caused by shrinkage. There was considerable testimony by cattle feeders and buyers pro and con as to whether it could be attributed to shrinkage. One of the witnesses for the respondent was Jewell Schlapp, a Veterinarian, a graduate of the University of Illinois, who testified that he rendered professional services to livestock dealers and feeders in the Yorkville, Illinois area. He testified that in his opinion in the case of twenty steers in the 700 and 800 pound class hauled a distance of eleven to fourteen miles, as in the instant case, it would be improbable that they would lose as much as 520 pounds. There was testimony as to livestock hauling tests which showed that such a loss of weight as was here involved would not occur through shrinkage. Petitioner contends that this testimony was inadmissible. However, apart from this testimony there is ample evidence to support the Judicial Officer's findings and conclusions.

 It is our view, and we so hold, that on the record as a whole substantial evidence supports the findings and that such findings are sufficient to support the order issued. The order of the Judicial Officer acting for the Department of Agriculture is affirmed.

Affirmed.